**Order entered October 17, 2017**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00750-CR

**HENRY LEE FLETCHER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-82292-2015**

## ORDER

Appellant filed his notice of appeal on June 14, 2017, and appellate counsel was appointed to represent him. On July 10, 2017, appellant filed a motion to substitute counsel. The motion states that his family hired an attorney to represent him. We granted the motion.

The record was due October 11, 2017. The district clerk and court reporter have each filed letters stating that no payment arrangements have been made for the record. Appellant filed a courtesy copy of a motion filed in the trial court, asking for free reporter's record. In that motion, appellant states that, although his family has retained counsel to represent him, he was indigent during trial and remains indigent now that he is incarcerated.

We **ORDER** the trial court to make findings of fact regarding whether appellant has been deprived of the clerk's record and reporter's record because of ineffective counsel, indigence, or for any other reason.

- The trial court shall first determine whether appellant desires to prosecute the appeal. If the trial court determines that appellant does not desire to prosecute the appeal, it shall make a finding to that effect.

- If the trial court determines that appellant desires to prosecute the appeal, it shall next determine whether appellant is indigent and entitled to proceed without payment of costs for the reporter's and clerk's record. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect.

- The trial court shall next determine: (1) the name and address of each court reporter who recorded the proceedings in this cause; (2) the court reporter's explanation for the delay in filing the reporter's record; and (3) the earliest date by which the reporter's record can be filed. The trial court shall likewise determine the earliest date by which the clerk's record can be filed.

We **ORDER** the trial court to transmit a record, containing the written findings of fact, any supporting documentation, and any orders, to this Court within **THIRTY DAYS** of the date of this order.

The appeal is **ABATED** to allow the trial court to comply with this order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

We **DIRECT** the Clerk to send copies of this order to the Honorable Andrea Thompson, Presiding Judge, 416th Judicial District Court; to Sheri Vecera, official court reporter, 416th Judicial District Court; Kristen Kopp, official court reporter, County Court at Law No. 2; Lynne Finley, Collin County District Clerk; and to counsel for all parties.

/s/     LANA MYERS
        JUSTICE